IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.16-1782<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to records requested by Plaintiff Cause of Action Institute ("CoA Institute") and improperly withheld by Defendant United States Department of Justice ("DOJ"). The records at issue concern whether, and to what extent, the Federal government protects confidential taxpayer information from unauthorized disclosure by government attorneys who are detailed to the White House.

## NATURE OF THE ACTION

1.  Federal law permits employees of any "department, agency, or independent establishment of the executive branch" to be detailed to the White House to assist and advise the President. 3 U.S.C. §§ 112–13; *see also* Robert F. Giegelman, Acting Assistant Att'y Gen. for Admin., Memorandum to the Heads of Department Components Concerning the Approval of and

1

Reimbursement for White House and Other Details (Aug. 30, 2002), *available at* http://bit.ly/29qQPFb (explaining the detailing process).

2. Publicly-available information concerning details to the Office of the White House Counsel demonstrates that, contrary to past practice, the present Administration principally relies on detailees from the DOJ Tax Division to staff its "clearance counsel" function.

3. CoA Institute has been investigating the legal and ethical concerns raised by the detailing of DOJ Tax Division attorneys to the Office of the White House Counsel. As "clearance counsel," these attorneys—some of whom have been involved in controversial matters involving confidential taxpayer information protected under Section 6103 of the Internal Revenue Code—vet presidential nominees for high-ranking office by, among other means, examining confidential taxpayer information.

4. The detailing of DOJ Tax Division attorneys to the Office of the White House Counsel is of serious concern because these lawyers, while still at the DOJ, obtain unique access to the confidential taxpayer information of parties under investigation by or in litigation with the United States. Such lawyers bring that knowledge with them to the White House. They then obtain access to additional confidential tax information relating to potential presidential nominees for executive and judicial appointments.

5. CoA Institute has been unable to obtain any evidence that the DOJ has instituted formal policies, procedures, rules, guidelines, or other safeguards to ensure that DOJ attorneys detailed to the White House are appropriately screened to prevent confidential returns or return information from being unlawfully accessed or disclosed, whether before, during, or after their details.

6. CoA Institute submitted the FOIA request at issue here to obtain records relating to Eileen Shatz, Senior Legislative Counsel and Designated Agency Ethics Official for the DOJ Tax Division. *See Ethics Officials*, Dep't of Justice, http://bit.ly/29ojGbB (last accessed July 6, 2016). As the ethics official for the DOJ Tax Division, Ms. Shatz's correspondence with attorneys detailed to the White House will shed light on detailing practices and agency efforts, if any, to protect the confidentiality of taxpayer information and other data accessed by DOJ Tax Division attorney-detailees.

## JURISDICTION AND VENUE

7. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

8. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9. CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including the DOJ, and disseminates its findings, analysis, and commentary to the general public.

10. The DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). The DOJ Tax Division has possession, custody, and control of the records to which CoA Institute seeks access and which are the subject of this Complaint.

## FACTS

11. By letter, dated May 19, 2015, CoA Institute submitted a FOIA request to the DOJ Tax Division seeking access to "[a]ll records of communication, including but not limited to emails, letters, calendared meeting requests, and text messages, between Eileen Shatz and any DOJ attorney detailed to the White House." Ex. 1 at 1. The time period for the request was "January 2009 to the present." *Id.*

12. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 1–3.

13. By letter, dated May 29, 2015, the DOJ Tax Division informed CoA Institute that it had received the FOIA request on May 22, 2015. Ex. 2 at 1. The letter explained that the DOJ Tax Division would process the request "on a first-in, first-out basis" and that it would be unable to respond to the request within twenty (20) business days because "(1) this is a complex request . . . and/or (2) the subject is about a criminal case . . . and (3) the agency's records must be searched and gathered outside of the FOIA/PA Unit's location." *Id.* at 2.

14. This same letter also assigned the request the tracking number "FOIPA/TAX # 10893." *Id.* at 1.

15. The DOJ Tax Division failed to issue a determination on the CoA Institute request for a public interest fee waiver or the request for news media requester status.

16. In a conference call held on June 30, 2015, the parties discussed the bifurcation of the May 19, 2015 FOIA Request, as well as other issues concerning the intended scope of the request. *See* Ex. 3 (memorializing the content of the discussions).

17. By email, dated August 13, 2015, CoA Institute (i) agreed to limit the scope of the FOIA request to records of correspondence between Eileen Shatz and ten named attorneys;

4

(ii) accepted the DOJ Tax Division proposal to bifurcate the FOIA request into two requests, each covering five of the ten named attorneys; (iii) requested that the agency begin its search for and processing of records related to the five most recent detailees to the Office of the White House Counsel; (iv) agreed to designate June 30, 2015 as the cut-off date for the agency search; and (v) agreed to limit the search to electronic records, so long as the search included "scans of hard-copy records, meeting requests, work calendars, and text messages." *Id.*

18. In subsequent telephone conversations and email correspondence, CoA Institute requested updates from the DOJ Tax Division as to the status of the May 19, 2015 FOIA request. *See* Ex. 4. On November 9, 2015, the DOJ Tax Division indicated it "ha[d] conducted some searches, and located some records potentially responsive," but that it had not "had time to review the potentially responsive records," ostensibly due to ongoing efforts to process other requests. *Id.*

19. It has been nearly sixteen (16) months since the DOJ Tax Division received the May 19, 2015 FOIA Request. To date, the agency has failed to provide a final determination or produce any responsive records.

## COUNT 1

### Violation of FOIA: Failure to Comply with Statutory Deadlines

20. Plaintiff repeats paragraphs 1 through 19.

21. The FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

22. More than twenty (20) business days have passed since the DOJ Tax Division received the CoA Institute FOIA request on May 22, 2015.

23. The DOJ Tax Division has failed to issue a final determination on or produce any records responsive to the CoA Institute FOIA request within the applicable FOIA time limits.

24. The DOJ Tax Division also failed to comply with the FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to the FOIA request. The agency has failed to issue an estimated date of completion or an invitation to contact the agency for the purposes of negotiating an "alternative" response date for the request.

25. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. Order the DOJ to process the CoA Institute May 19, 2015 FOIA Request and make a final determination within twenty (20) business days of the date of the Order;

b. Order the DOJ to produce all responsive records promptly after issuing its final determination;

c. Order the DOJ to issue a *Vaughn* index accompanying the records produced and explaining each redaction or withholding, if applicable;[1]

d. Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

---

[1] *See generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (requiring an agency to prepare an index correlating each withheld document, or portion thereof, with a specific FOIA exemption and nondisclosure justification).

  e.  Grant such other relief as the Court may deem just and proper.

Dated:  September 6, 2016      Respectfully submitted,

            */s/ Julie Smith*
            Julie Smith
            D.C. Bar No. 435292
            Lee A. Steven
            D.C. Bar No. 468543
            Ryan P. Mulvey
            D.C. Bar No. 1024362

            CAUSE OF ACTION INSTITUTE
            1875 Eye Street, N.W., Suite 800
            Washington, D.C. 20006
            Telephone: (202) 499-4232
            Facsimile: (202) 330-5842
            julie.smith@causeofaction.org
            lee.steven@causeofaction.org
            ryan.mulvey@causeofaction.org

            *Counsel for CoA Institute*